## Majane *v.* Winkelman, Appellant.

*Appeals—Assignments of error—Charge—Evidence.*

The appellate court will not consider a complaint of the inadequacy of the charge, where there is no assignment of error raising the question.

An assignment of error to the exclusion of a letter is not self-sustaining, which does not disclose the materiality of the letter and its relevancy to the question at issue.

Argued Nov. 24, 1916.   Appeal, No. 258, Oct. T., 1916, by defendant, from judgment of Municipal Court, Phila-. delphia Co., April T., 1916, No. 299, on verdict for plaintiff in case of Peter Majane v. Louis L. Winkelman and Angus K. Nicholson, trading as Winkelman & Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass for conversion of stock.   Before KNOWLES, J. Verdict and judgment for plaintiff.   Defendants appealed.

492    MAJANE *v.* WINKELMAN, Appellant.

Assignment of Errors—Opinion of the Court. [66 Pa. Superior Ct.

*Errors assigned* were:

(1)  In refusing motion for judgment n. o. v.

(2)  Refusal of binding instructions for defendant.

(3)  The learned court below erred in refusing to admit into evidence the following:

"Q. Was this letter mailed to Mr. Majane, if you know?

"(Objected to.)

"(Objection sustained.)

"(Exception for defendant.)"    (See page 51a.)

*D. Arthur Magaziner,* with him *Edgar J. Pershing,* for appellants.

*Thomas S. Lanard,* for appellee.

OPINION BY KEPHART, J., March 16, 1917:

This was an action to recover for the conversion of six hundred shares of stock.    The plaintiff testified that he did not authorize a sale of the stock entrusted to the defendants and a few weeks after he received notice of the sale he repudiated it and warned the defendants that they would be held responsible for any loss.    This evidence was denied by the defendants, who set up a ratification of the sale.    The evidence of protest and repudiation was so conflicting that the jury alone could determine the facts.    There is no assignment of error which raises the question of the inadequacy of the court's charge as to the legal effect of the defendants' evidence, if such evidence were to be believed by the jury.    The attention of the court should have been called to such evidence and a request made to charge as to such legal effect.    The omission to so charge, when properly pointed out to the court, effects a new trial of the issue and cannot be considered on a motion for judgment n. o. v.

The third assignment of error is not self-sustaining. The record does not disclose the materiality of the let-

ter, and without some offer to show its relevancy to the questions at issue, the court did not commit error in refusing to admit it. The assignment violates Rule 16 of this court.

The judgment is affirmed.